UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 96-26L |
| | : | |
| JOHN DELAROSA | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on December 6, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior District Judge Ronald R. Lagueux. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of twenty-two (22) months of incarceration as to Count III and six (6) months of incarceration as to Counts V, VII and IX to run concurrently with Count III, followed by a term of supervised release of five (5) years as to Counts V, VII and IX. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that**

**Defendant submit to no more than seventy-two urine specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

**Background**

On July 26, 2007, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On July 27, 2007, the District Court reviewed the request and ordered the issuance of a Warrant. On December 6, 2007, Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> Mr. DeLaRosa distributed heroin[1] as evidenced by his July 5, 2007 arrest by members of the Providence Police Department and Drug Enforcement Administration.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit

[1] At the initial appearance on this violation, it was clarified that the underlying state charges involve cocaine and not heroin.

for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class B felony. Therefore, he may not be required to serve more than three years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-

half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a criminal history category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of III. Therefore, the applicable range of imprisonment for this violation is eighteen to twenty-four months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

In 1996, Defendant pled guilty to four counts of employing a minor to distribute heroin. On October 20, 1997, Defendant was sentenced to seven years' incarceration and six years' supervised

release for these felony offenses. Defendant's supervision commenced on October 29, 2001 with a scheduled expiration of October 28, 2007. The expiration was tolled pursuant to 18 U.S.C. § 3583(i) when the Court ordered the issuance of an arrest warrant based on this violation.

Defendant came within four months of completing his term of supervision. During supervision, Defendant pled nolo in State Court to simple assault and received a suspended sentence and probation. Defendant's conditions were modified in 2002 to require forty hours of community service as a consequence of this assault conviction. Defendant had no other supervised release violation matters.

Defendant has admitted to a Grade A violation which requires revocation of supervised release. The applicable guideline range is eighteen to twenty-four months. The Government seeks a maximum sentence of twenty-four months. Defendant argues for the minimum – eighteen months.

In considering an appropriate sentence, the seriousness of the instant violation must be the starting point. Defendant was arrested by the Providence Police Department on July 5, 2007 and faces serious felony drug trafficking charges in State Court. A review of the police reports and wire tap transcripts reveals that Defendant is charged with supplying narcotics to a major Providence drug dealing operation. Defendant's return to drug trafficking after lengthy terms of incarceration and supervised release is troubling. Defendant failed to learn from his previous mistakes and failed to take advantage of the resources of supervised release to change his ways. To his credit, Defendant had a fairly stable employment history while on supervision and secured job training and licensing as a commercial truck driver and in asbestos abatement. Also, to his credit, Defendant was not previously the subject of any serious violation charges during supervision.

Unfortunately for Defendant, these positives are greatly outweighed by the seriousness of the criminal conduct underlying this violation case. A strong message need needs to be sent to Defendant (and others on supervised release) that renewed criminal activity while on supervision will not be tolerated. I am inclined to recommend a maximum twenty-four month sentence, but will not. Defendant admitted the violation and thus spared the Government and the Court from the burden of a contested revocation hearing. Defendant also apologized to his Probation Officer and acknowledged his support over the years. Defendant should receive some “credit” for accepting responsibility for his actions. Thus, I recommend a revocation sentence of twenty-two months as specified below.

Defendant also argues that his revocation sentence should be imposed retroactive to July 5, 2007 – the date of his state arrest. Although the arrest warrant issued in this case on July 27, 2007 created a federal detainer, the bottom line is that the delay in Defendant appearing in this Court was of his own doing. Defendant was initially held without bail on independent state charges and later held because he could not, or chose not to, post bail. Further, Defendant’s counsel provided no legal support for his argument that Defendant’s federal revocation sentence should be effectively reduced by several months because he was in state custody.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be committed to the Bureau of Prisons for a term of twenty-two (22) months of incarceration as to Count III and six (6) months of incarceration as to Counts V, VII and IX to run concurrently with Count III, followed by a term of supervised release of five (5) years as to Counts V, VII and IX. I further recommend that, while on supervised release, Defendant**

**participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 10, 2007